IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANNY RAY MCLAIN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-648-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Danny Ray McLain, TDCJ-ID #434499, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Palo Pinto County Jail, in Palo Pinto, Texas, on a parole violation.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

McLain is currently serving cumulative 20-year and 25-year sentences from Palo Pinto County. It appears McLain has been released on parole three times. By way of this petition, he complains of his March 17, 1997, parole revocation proceedings and TDCJ's calculation of his sentence following his 1997 parole revocation. (Petition at 4) McLain pursued time credit dispute resolution through TDCJ's administrative process on October 18, 2001, November 7, 2002, January 28, 2002, June 28, 2002, and June 17, 2003, and TDCJ responded that there was no error in his time calculations on January 31, 2002, February 20, 2002, May 7, 2002, October 15, 2002, and January 30, 2004, respectively. (Resp't Preliminary Resp. Exh. A) *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). McLain filed a state habeas application on June 5, 2003, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on June 21, 2006.[1] *Ex parte McLain*, Application No. 55,560-02, at cover. This federal petition was filed on October 27, 2008.[2] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which McLain filed a reply.

D. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1]McLain asserts he filed his state habeas application on November 25, 2002, however, the filemark stamp on the state habeas application clearly reflects the document was filed on June 5, 2003.

[2]A pro se habeas petition is generally filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). McLain does not indicate in the petition the date he placed the petition in the jail/prison mailing system, however the envelope in which he mailed the petition reflects a postmark of October 25, 2008. Thus, for purposes of this proceeding, McLain's petition is deemed filed on October 25, 2008.

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.[3] *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres*

---

[3]In an attempt to implicate subsection (B), McLain asserts he has been impeded by the state in filing subsequent state habeas applications, apparently due to his failure to satisfy certain form requirements. A state court, however, may require compliance with applicable laws and rules governing filings. *See Artuz v. Bennett*, 531 U.S. 4, 7-8 (2000).

*v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, McLain knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, the basis for his claims. Accordingly, the statute of limitations was triggered on March 17, 1997, the date his parole was revoked, and closed one year later on March 17, 1998, subject to any applicable tolling. The time credit dispute resolution and state habeas proceedings, filed after the limitations had already expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has McLain demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

McLain asserts that he has had no access to a law library and legal materials, paralegals, advisors, or attorneys due to his incarceration and his indigency. (Pet'r Reply at 2) These are common problems, however, among inmates seeking postconviction habeas relief and are typically insufficient to warrant equitable tolling. *See, e.g., Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.

4

2000). He further asserts that he had no way of obtaining a time calculation sheet following his 1997 revocation at the Lindsey State Jail until he was assigned to a different unit, that the time credit dispute resolution process did not become available to him until January 24, 2000, when he was transferred to the Hughes Unit, and was not completed until January 1, 2004, that he did not learn through due diligence that he may be entitled to pre-extradition time until January 8, 2002, that under state law he could not file a state habeas application until he was within 180 days of his release in May 2003, and that a brutal assault in 2006 left him blind until he could have surgery in 2008. (Pet'r Reply at 2-6) Even assuming these assertions to be true, an eleven-year delay reveals a lack of diligence on McLain's part, which forecloses equitable tolling in this case.

## II. RECOMMENDATION

McLain's petition for writ of habeas corpus should be DISMISSED as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 28, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 28, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 7, 2009.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE